IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY E. KUCERA and
BARBARA BLESSING-KUCERA,

      Plaintiffs,

v.                                                       No. 1:21-cv-00811-RB-SCY

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Amended Complaint, filed September 8, 2021. (Doc. 6.)

**Plaintiff Gregory Kucera's Claims**

This is the ninth case that Plaintiff Gregory Kucera has filed in this Court. *See Kucera v. Choi*, No. 1:17-cv-00789-KG-SCY; *Kucera v. United States*, No. 1:17-cv-01228-JB-KK; *Kucera v. C.I.A.*, No. 1:18-cv-00094-JB-GJF; *Kucera v. Los Alamos Nat'l Lab'ys*, No. 1:18-cv-00095-JCH-SCY; *Kucera v. Sandia Corp.*, No. 1:18-cv-00166-WJ-LF; *Kucera v. Lawrence Livermore Nat'l Lab'ys*, No. 1:18-cv-00250-WJ-LF; *Kucera v. Dep't of Justice*, No. 1:19-cv-00931-MV-JFR; *Kucera v. United States*, No. 1:19-cv-01028-KG-KK.

Chief United States District Judge William P. Johnson imposed filing restrictions on Mr. Kucera in 2018. *See Kucera v. Lawrence Livermore Nat'l Lab'ys*, No. 1:18-cv-00250-WJ-LF, Ord. Imposing Filing Restrictions (D.N.M. May 21, 2018). Those restrictions enjoin Mr. Kucera from "initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed pro se." *Id.* at 2.

Mr. Kucera initiated this case, along with his mother, Plaintiff Barbara Blessing-Kucera, without complying with the filing restrictions. United States Magistrate Judge Steven C. Yarbrough ordered Mr. Kucera to show cause why the Court should not dismiss his claims due to his failure to comply with the filing restrictions. (*See* Doc. 4.)

Mr. Kucera responded stating:

> Plaintiff was disciplined by Chief Justice Johnson in <u>Kucera v. Lawrence Livermore National Labs No. 1:18-cv-00250-WJ-LF</u>, in 2018, and has since been impeded from taking leave to file as pro se, and is providing objections to these restrictions and seeks to provide support for the legitimacy of these claims, and the potential furtherance of danger to joint plaintiffs who cannot avail themselves of a condition as such. Plaintiff's claims are not frivolous, are in good faith, and are warranted. The following claims are thus also not made to burden the court, and are not intended to create any undue cost or expense upon any defendant.

(Doc. 6 at 2.)

Mr. Kucera has not shown cause why the Court should not dismiss his claims. Chief Judge Johnson imposed filing restrictions. Mr. Kucera did not comply with those restrictions when initiating this case. The deadline for objecting to the restrictions was in 2018. Mr. Kucera's statement that his "claims are not frivolous, are in good faith, . . . are warranted . . . [are] not made to burden the court[,] and are not intended to create any undue cost or expense upon any defendant" does not justify his noncompliance with Court-ordered filing restrictions.

The Court dismisses Mr. Kucera's claim without prejudice because he has not complied with the Court-ordered filing restrictions and has not shown cause why the Court should not dismiss his claims for failure to comply with the restrictions.

**Plaintiff Barbara Blessing-Kucera's Claims**

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff Barbara Blessing-Kucera that the Complaint: (i) failed to state a claim pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(1)(A-D), because it did not identify which provisions of the Privacy Act each

2

agency allegedly violated, or how and when the agencies allegedly violated those provisions; (ii) failed to show that the Court has jurisdiction over her claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, because it did not indicate that she exhausted her administrative remedies by filing a tort claim with the appropriate agency; and (iii) failed to state a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because it did not assert those claims against federal officials in their individual capacities and because there were very few factual allegations regarding her injury claims. (*See* Doc. 4.) Judge Yarbrough ordered Ms. Blessing-Kucera to either file an amended complaint or show cause why her claims should not be dismissed. Plaintiffs filed an Amended Complaint.

The allegations in the 50-page Amended Complaint pertaining to Ms. Blessing-Kucera state she: (i) "has had trip and fall accidents, has lost balance, and the ability to walk, also resulting from the localized ground based RF signatures being emitted next to her bedroom-aka HAVANA SYNDROME;" (ii) "has privacy act cases;" (iii) has "been subjected to DOE Classified Human Subject Research;" (iv) is "paralyzed via SILENT TALK/human Terrain Mapping industrial espionage based software [which will allow user-to-user communication on the battlefield without the use of vocalized speech through the analysis of neural signals];" (v) has "been likely exposed to an aerosolized inhalable nanomaterials type poison;" (vi) is "being used to test the long term survivability of neurological-tactical-covert eavesdropping based devices which continue to emit unbearably excruciating, neurological pain, military intel, and other local operational information;" (vii) is "being subjected to threat of a lifelong background investigation . . . via an in brain implant;" and (viii) is "being coerced to work as [a] sp[y], and on lethal weapons at Los Alamos or Sandia National Labs, and enter either lab to assume [a] new identit[y]." (Doc. 6 at 3–5, 13–15, 19.)

The Amended Complaint fails to state a claim pursuant to *Bivens* as to Ms. Blessing-Kucera. Judge Yarbrough notified Ms. Blessing-Kucera that:

> [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

(Doc. 4 at 5.) The Amended Complaint fails to state with particularity who did what to Ms. Blessing-Kucera and when they did it. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

The Amended Complaint fails to state a claim pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(1)(A–D) which provides:

> Whenever any agency
>
> **(A)** makes a determination under subsection (d)(3) of this section [permitting a person to request a review and file a statement setting forth the reasons for his disagreement with the refusal of the agency] not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>
> **(B)** refuses to comply with an individual request under subsection (d)(1) of this section [allowing a person to gain access to his record];
>
> **(C)** fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> **(D)** fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
>
> the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1)(A–D). (*See also* Doc. 6 at 8 (citing 5 U.S.C. § 552a(g)(1)(A–D) as a basis for jurisdiction).) The Amended Complaint states "the following agencies have vital Personally Identifiable Information[:] . . . National Security Council, CIA, STATE DEPARTMENT, DNI, DIA, NSA, DOE, NNSA, DHS, SECRET SERVICE, DARPA, US ARMY, HHS, GAO, DEA, FINCEN, CDC, FBI." (Doc. 6 at 8.) The Amended Complaint does not contain factual allegations identifying which provisions of the Privacy Act each agency allegedly violated, or how and when the agencies allegedly violated those provisions as to Ms. Blessing-Kucera. *See Twombly*, 550 U.S. at 555 (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); 5 U.S.C. § 552a(g)(5) ("An action to enforce liability created under this section may be brought . . . within two years from the date on which the cause of action arises").

The Amended Complaint fails to show the Court has jurisdiction over Ms. Blessing-Kucera's claim pursuant to the Federal Tort Claims Act (FTCA). The Amended Complaint includes a copy of a "Claim for Damage, Injury, or Death" form directed to the National Nuclear Security Administration and showing Ms. Blessing-Kucera as the claimant. (Doc. 6 at 31–32.) That form, by itself, is not sufficient to show the Court has jurisdiction over her FTCA claim. The FTCA states, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency *and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). This exhaustion requirement is "jurisdictional and cannot be waived." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). There are no allegations in the Amended Complaint, which was filed on September 8, 2021, showing that the National Nuclear Security Administration denied Ms. Blessing-Kucera's claim described in the form she apparently submitted on "Aug 30, 2021." (Doc. 6 at 4.) Nor are there any nonconclusory factual allegations showing that she exhausted administrative procedures with any other agency of the United States.

**Motion to Seal**

> Plaintiffs are seeking for the case to remain sealed, a result of being exposed to medical grade bio-chemical weapons. Both plaintiffs are irreparably psychologically damaged, and immobilized via in brain experimentation, and as they are being used for federal interagency that in a publishable form, can also damage their wellfare. [sic]

(*Id.* at 2.) Judge Yarbrough notified Plaintiffs that:

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *see, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested . . . that the right to inspect and copy judicial records is not absolute."). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm,* 656 F.3d at 1292).
>
> *JetAway Aviation, LLC v. Bd. Of County Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). If Plaintiffs want the Complaint to remain sealed, or if they want additional documents sealed, they must file a motion justifying restricting access to those documents.

(Doc. 4 at 5–6.)

The Court denies Plaintiffs' Motion to seal this case because they have not articulated a real and substantial interest that justifies depriving the public access to the records that inform the Court's decision-making process.

**IT IS ORDERED** that:

(i)   Plaintiffs' Motion to Seal this case is **DENIED.**

(ii)  This case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE